1

2                           UNITED STATES DISTRICT COURT

3                         NORTHERN DISTRICT OF CALIFORNIA

4

5    NEMETONA TRADING LIMITED,                    Case No. 14-cv-03284-SI

          Plaintiff,
6
                                                  ORDER GRANTING DEFENDANT'S
7         v.                                      MOTION FOR SANCTIONS AND
                                                  DENYING MOTION TO WITHDRAW
8    KURT ORBAN PARTNERS, L.L.C.,                 AS COUNSEL

          Defendant.                              Re: Dkt. Nos. 35, 38
9

10

11         Before the Court is the motion of defendant, Kurt Orban Partners LLC ("Orban") to

12   sanction plaintiff, Nemetona Trading Limited ("Nemetona"), for failing to comply with this

13   Court's order enforcing the parties' settlement agreement. Dkt. Nos. 36, 38.  For the reasons set

14   forth below, the Court finds Nemetona in civil contempt and GRANTS in part and DENIES in

15   part Orban's motion for sanctions, and DENIES plaintiff's counsel's motion to withdraw as

16   counsel. Docket No. 35.

17

18                                        **BACKGROUND**

19         On October 20, 2014, the parties entered into a settlement agreement resolving the disputes

20   underlying the instant litigation.  *See* Declaration of Mark Angert in Support of Motion for

21   Sanctions (Angert Decl.), Dkt. No. 38-2, Ex. A.  As a condition precedent to dismissal of the

22   parties' respective claims under the Settlement Agreement, Nemetona was to release to Orban

23   certain pipe (the "TMK Pipe") in exchange for Orban's payment of a specified sum. *See id.* at 2,

24   7.

25         On February 6, 2015, Orban filed a motion to enforce the terms of the parties' Settlement

26   Agreement.  Mot. to Enforce Settlement Agreement, Dkt. No. 31.  In its motion, Orban stated that

27   it had fulfilled all conditions precedent to Nemetona's releasing the TMK Pipe and the dismissal

28   of the parties' claims before the Court.  *Id.* at 4.  In its opposition to Orban's motion, Nemetona

United States District Court
Northern District of California

United States District Court
Northern District of California

1    did not dispute that it had not performed its obligations under the Settlement Agreement, but

2    argued that its performance was excused by alleged breaches of the Agreement by Orban.  Opp. to

3    Mot. to Enforce Settlement Agreement, Dkt. No. 33, at 2.  By order dated March 13, 2015, the

4    Court found Nemetona in breach of the Settlement Agreement, and provided Orban injunctive

5    relief ordering Nemetona to release the TMK Pipe, and further ordering both parties to dismiss

6    their respective claims with prejudice in accordance with the terms of the Settlement Agreement.

7    Order Granting Mot. to Enforce Settlement Agreement ("Enforcement Order"), Dkt. No. 36, at 13.

8         On March 25, 2015, Orban filed a motion requesting sanctions against Nemetona, pursuant

9    to the Court's contempt powers, for failure to comply with the Court's Enforcement Order.  Mot.

10   for Sanctions, Dkt. No. 38.  Orban states that, as of the date of the motion's filing, Nemetona has

11   failed to release the TMK Pipe despite the Court's Order.  *Id.* at 2.  Further, Orban states that

12   Nemetona continues to hold payments made by Orban to secure release of the pipe under the

13   Settlement Agreement.  *Id.*  Orban seeks the following relief:  (1) a refund of $123,440.03 for all

14   monies paid for the release of the TMK Pipe;[1] (2) a reimbursement of $13,647.50 for attorneys'

15   fees expended in bringing the prior motion to enforce the settlement agreement and the present

16   motion for sanctions; and (3) dismissal of the underlying lawsuit with prejudice.  *Id.* at 7.  Orban

17   further asks the Court to retain jurisdiction over the parties to enforce the settlement agreement.

18   *Id.*

19        For the reasons that follow, the Court GRANTS in part and DENIES in part Orban's

20   motion for sanctions.

21

22                                    **LEGAL STANDARD**

23        "A district court has the power to adjudge in civil contempt any person who willfully

24   disobeys a specific and definite order of the court."  *Gifford v. Heckler*, 741 F.2d 263, 265 (9th

25   Cir. 1984).  Civil contempt consists of a party's disobedience to "a specific and definite court

26

27   _____

       [1]  This amount includes $39,000 paid by Orban to Nemetona as part of the Settlement
28   Agreement, and $84,440.03 paid by Orban to Nemetona prior to the lawsuit.  Mot. for Sanctions at
     3.

United States District Court
Northern District of California

1    order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing*

2    *Ass'n, Inc. v. McCord,* 452 F.3d 1126, 1130 (9th Cir. 2006).   The disobeyed order that serves as

3    the basis for a finding of civil contempt must be clear in its commands.  *See Balla v. Idaho State*

4    *Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989).   To succeed on a motion for civil contempt, the

5    moving party must "show by clear and convincing evidence that [the nonmoving party] violated

6    the [court order] beyond substantial compliance, and that the violation was not based on a good

7    faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118

8    F.3d 1320, 1322 (9th Cir. 1997).  "'Substantial compliance'" with the court order is a defense to

9    civil contempt, and is not vitiated by "'a few technical violations'" where every reasonable effort

10   has been made to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d

11   693, 695 (9th Cir. 1993) (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d

12   885, 891 (9th Cir. 1982)).

13          To find a prima facie case of contempt, a court must find that (1) the nonmoving party

14   violated a specific and definite court order; (2) beyond substantial compliance; (3) not based upon

15   a reasonable and good faith interpretation of the order; and (4) the foregoing has been shown by

16   clear and convincing evidence. *See id.*  Willfulness is not an element of civil contempt. *Verizon*

17   *California Inc. v. Online NIC, Inc.*, 647 F. Supp. 2d 1110, 1115 (N.D. Cal. 2009). If the moving

18   party establishes a prima facie case of contempt, the nonmoving party must show that he or she

19   took every reasonable step to comply with the Court's order. *Sekaquaptewa v. MacDonald*, 544

20   F.2d 396, 404 (9th Cir. 1976).  "'District courts have broad equitable power to order appropriate

21   relief in civil contempt proceedings.'" *F.T.C. v. EDebitPay, LLC*, 695 F.3d 938, 945 (9th Cir.

22   2012) (quoting *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003)).

23

24                                          **DISCUSSION**

25   **I.      Motion for Sanctions**

26          Orban has established a prima facie case of contempt.   This Court's commands in its

27   Enforcement Order were clear:  Nemetona was to release the TMK Pipe in accordance with

28   section two of the Settlement Agreement, and the parties were thereafter to dismiss their

3

United States District Court
Northern District of California

1    respective claims with prejudice.  Enforcement Order at 13.  Orban has produced an email from

2    Nemetona's counsel which clearly and convincingly evidences Nemetona's intent to ignore the

3    Enforcement Order until its appeal is adjudicated.  Angert Decl. Ex. C, at 1.  The email further

4    demonstrates that Nemetona's non-compliance stems from its disagreement with the Court's

5    Order, rather than a reasonable and good-faith interpretation of it.  *See id.*

6          Having established a prima facie case of contempt, the Nemetona must demonstrate that it

7    has substantially complied with the Court's Order.  *Sekaquaptewa*, 544 F.2d at 404.  Nemetona

8    does not dispute that it has failed to comply with the Enforcement Order, however, it objects to the

9    imposition of sanctions on three grounds. First, Nemetona states that Orban breached the

10   Settlement Agreement.  Opp. to Mot. for Sanctions, Dkt. No. 47, at 2.[2]  Second, Nemetona argues

11   that Orban is not entitled to a refund until Orban returns the pipe that Nemetona previously

12   released to Orban.  *Id.*[3]  Finally, Nemetona expresses its belief that this Court erred in issuing the

13   Enforcement Order, that it intends to appeal the Order, and that Nemetona's noncompliance

14   should therefore not be grounds for the imposition of sanctions.  *Id.*

15         A person who disagrees with an injunction may challenge it through an appeal.  *World*

16   *Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 689 (9th Cir. 2010). However, "'[p]ersons

17   subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree

18   until it is modified or reversed, *even if they have proper grounds to object to the order*.'"

19   *Armstrong v. Brown*, 857 F. Supp. 2d 919, 948 (N.D. Cal. 2012) (quoting *GTE Sylvania v.*

20   *Consumers Union of the U.S.*, 445 U.S. 375, 386 (1980)) (emphasis added). Thus, "[d]efendants

21   must obey the [injunction] unless and until this or another court has relieved them of that

22   responsibility, through a stay, reversal or modification of the order."  *Id.*  While notice of appeal

23   divests the district court of jurisdiction over the matters appealed, *Mayweathers v. Newland*, 258

24   F.3d 930, 935 (2001), the district court retains jurisdiction to issue orders to enforce its judgment

25

26           [2]  Specifically, Nemetona contends that Orban breached the agreement through continued

27   delays and by failing to provide market data to which Nemetona maintains it was entitled during
     price negotiations.  Opp. at 2.

28           [3]  Nemetona provides no further explanation of the pipes they refer to here.

1    during the pendency of the appeal.  Fed. R. Civ. P. 62(c); *United States v. SF Green Clean, LLC*,

2    No. 14-cv-01905 JSW (NC), 2014 WL 7650114, at *1 (N.D. Cal. Sept. 23, 2014) (citing *Lara v.*

3    *Sec'y of Interior of U.S.*, 820 F.2d 1535, 1543 (9th Cir. 1987)).

4           Nemetona's first argument—that Orban breached the Settlement Agreement—seeks to

5    relitigate issues that the Court resolved in its Enforcement Order.  Although Nemetona may

6    disagree with the Court's findings, such disagreement is not itself a proper basis for disregarding

7    the Enforcement Order.  *See Armstrong*, 857 F. Supp. 2d at 948.

8           Nemetona's second argument—that Orban is not entitled to a refund until it returns the

9    pipe it has previously received—goes to the amount of appropriate sanctions, rather than whether

10   there is a basis for imposing them in the first instance.  Civil contempt sanctions are remedial in

11   nature, "characterized by the court's desire to compel obedience to a court order or to compensate

12   the contemnor's adversary for the injuries which result from the noncompliance."  *United States v.*

13   *Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010) (quoting *Falstaff Brewing Corp. v. Miller Brewing*

14   *Co.*, 702 F.2d 770, 778 (9th Cir. 1983)).  Any benefit Orban received against the $123,440.03

15   would therefore be relevant to the magnitude of injury it sustained as a result of Nemetona's

16   noncompliance.  *See id.*  The Settlement Agreement states that Nemetona has withheld $84,440.03

17   worth of the TMK Pipe despite Orban's full payment for said pipe prior to this litigation.  Angert

18   Decl. Ex. A, at 1.  Additionally, the Agreement shows that Orban paid Nemetona a further

19   $39,000 to secure the release of the TMK Pipe for which it had already paid.  *Id.* at 1-2.  Orban

20   therefore seeks only compensation for amounts paid for the pipe Nemetona continues to hold in its

21   possession in spite of receiving full payment therefor.  Orban's payments totaling $123,440.03, for

22   which it has received nothing, represent the appropriate amount of compensation for Orban's

23   injury resulting from Nemetona's non-compliance.  *See Bright*, 596 F.3d at 695-96.

24          Nemetona's final argument that the Court should not issue sanctions while Nemetona

25   seeks an appeal is contrary to the law.  Nemetona must comply with this Court's Order "unless

26   and until this or another court has relieved them of that responsibility, through a stay, reversal or

27   modification of the order."  *See Armstrong*, 857 F. Supp. 2d at 948.  To date, this Court has not

28   stayed its Enforcement Order, nor has Nemetona moved the Court for such relief.  Further, no

United States District Court
Northern District of California

United States District Court
Northern District of California

court has yet modified or reversed the injunctive relief provided for in the Enforcement Order. Nemetona must therefore comply with the Order, even though it disagrees with the Court's decision, and even if its grounds for objecting to the injunctive relief are valid. *Armstrong*, 857 F. Supp. 2d at 948.

Given Nemetona's admitted and willful noncompliance with this Court's Order, and its lack of legally viable bases for resisting compliance, the Court finds Nemetona in civil contempt and finds the following sanctions appropriate as remedial measures:

- ✦ Nemetona shall compensate Orban for attorneys' fees incurred in bringing this motion for sanctions.[4] The parties are directed to file supplemental briefing on the appropriate amount of attorney's fees in accordance with Local Rules 54-5(b)(2) and (3).[5]

- ✦ Nemetona shall either: (1) immediately release the TMK Pipe in accordance with this Court's Enforcement Order; **OR** (2) immediately compensate Orban in the amount of $123,440.03 for all monies paid by Orban to Nemetona for the TMK Pipe that Nemetona continues to withhold. Completion of either action shall fulfill section one of the Settlement Agreement.

- ✦ Nemetona shall be fined $1,000 for each day it remains in non-compliance with this Court's Enforcement Order. These sanctions shall continue to accrue until (1) Nemetona releases the TMK Pipe OR pays Orban $123,440.03, AND (2) Nemetona dismisses its lawsuit with prejudice in compliance with the Enforcement Order. No fine shall accrue on the date on which this Order is issued, or on the day that Nemetona dismisses its law suit.

## II.     Motion to Withdraw as Counsel

On March 4, 2015, plaintiff's counsel filed a motion to withdraw as counsel explaining that "one or more conditions of permissive withdrawal under California Rule of Professional Conduct 3-700(C) have been satisfied." Docket No. 35, Exh. A. At oral argument, plaintiff's

---

[4] Because Nemetona's breach of the Settlement Agreement did not violate any court order, an award of attorneys' fees in connection with the Motion to Enforce the Settlement Agreement is beyond the scope of the civil contempt sanctions assessed here. Accordingly, the Court DENIES Orban's motion insofar as it seeks attorneys' fees related to its Motion to Enforce.

[5] Orban shall file its opening brief no later than May 15, 2015, Nemetona's opposition shall be due on May 29, 2015, Orban's reply shall be due on June 5, 2015.

1   counsel clarified that the lines of attorney-client communication have entirely broken down such

2   that effective representation is not possible. Plaintiff's counsel also noted that it is not representing

3   Nemetona for purposes of its appeal of the Court's order to enforce the settlement agreement.

4   Docket No. 36.

5         Nemetona is a corporation, and therefore must be represented by counsel to appear in

6   federal court. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see*

7   *also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987); 28 U.S.C.A.

8   § 1654. At oral argument, plaintiff took the position that the Court did not have jurisdiction to

9   dismiss this action pursuant to the settlement agreement while the case was on appeal. Therefore,

10  the Court does not find it appropriate to grant plaintiff's counsel's motion absent Nemetona

11  obtaining substitute counsel. Accordingly, the Court DENIES plaintiff's counsel's motion to

12  withdraw as counsel, but will allow new counsel to substitute in as soon as plaintiff finds such

13  new counsel.

14

15                              **CONCLUSION**

16        For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Orban's

17  motion for sanctions; and **DENIES** Nemetona's counsel's motion to withdraw.  The Court shall

18  retain jurisdiction over the parties' remaining performance of the Settlement Agreement.

19

20

21        **IT IS SO ORDERED.**

22  Dated: May 1, 2015

23

24                                              _____

25                                              SUSAN ILLSTON
                                                United States District Judge

26

27

28

*United States District Court*
*Northern District of California*