UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMETONA TRADING LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>KURT ORBAN PARTNERS, L.L.C.,<br><br>    Defendant. | Case No. 14-cv-03284-SI<br><br>**ORDER RE: ATTORNEY'S FEES**<br>Re: Dkt. No. 52 |

On May 1, 2015, the Court granted Orban's motion for sanctions against Nemetona for its failure to comply with the Court's March 11, 2015 order enforcing the terms of the settlement agreement between the parties. Docket No. 50. The Court found Nemetona to be in civil contempt, ordered Nemetona, *inter alia*, to compensate Orban for reasonable attorney's fees incurred in bringing its motion for sanctions, and directed the parties to file supplemental briefing on the appropriate amount of fees. *Id.* at 6. On May 15, 2015, Orban timely filed its brief. Docket No. 52. Nemetona's opposition brief was due on May 29, 2015. Docket No. 50 at 6, nt. 5. As of today, Nemetona has failed to file any opposition or otherwise respond to Orban's brief. The Court interprets Nemetona's silence as a concession that the fees requested are reasonable.[1]

The Court's independent review of the record also suggests the requested fees are reasonable. Orban is requesting a total of $5,335 in fees associated with its motion for sanctions. This represents 19.4 hours of work at a rate of $275 per hour billed by a single attorney, Mr.

---

[1] The Court also notes that this is not the first time Nemetona has failed to comply with an order of this Court. Nemetona failed to timely file an opposition to Orban's motion for sanctions. Docket Nos. 43, 44. It also failed to comply with the Court's order to release the TMK pipe to Orban and dismiss its lawsuit with prejudice, as required by the terms of the settlement agreement. Docket No. 36.

1  Angert – a partner at Ward Seidenwurm & Smith. Angert Decl. ¶¶ 4, 10-11. Mr. Angert kept
2  contemporaneous records, with detailed descriptions of activities undertaken on behalf of Orban.
3  *Id.* ¶ 2. He spent 8.7 hours drafting the motion for sanctions and preparing related exhibits and
4  declarations, 1.4 hours corresponding with Nemetona's counsel, 1.6 hours reviewing and opposing
5  Nemetona's request for an extension of time to file an opposition, 3.8 hours researching and
6  drafting a reply brief, and 3.9 hours attending and preparing for oral argument. *Id.* ¶¶ 5-9. The
7  Court finds that the hours incurred are reasonable in light of the nature of the motion, and that
8  Orban has made "a good faith effort to exclude from [its] fee request hours that are excessive,
9  redundant, or otherwise unnecessary." *Hensley v. Eckerhardt*, 461 U.S. 424, 434 (1983). The
10 Court also finds that a rate of $275[2] per hour for a partner at a San Diego based firm is "in line
11 with those prevailing in the community for similar services by lawyers of reasonably comparable
12 skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896, nt. 11 (1984); *cf.*
13 *Breidenbach v. Experian*, No. 3:12-CV-1548-GPC-BLM, 2013 WL 2631368, at *5 (S.D. Cal.
14 June 11, 2013) (finding $275 per hour to be a reasonable rate for an associate with two and a half
15 years of work experience).

16     Accordingly, the Court **AWARDS** Orban attorney fees in the amount of $5,335 and
17 **ORDERS** Nemetona to pay that amount to Orban forthwith.

19     **IT IS SO ORDERED.**
20 Dated: June 2, 2015

_____
SUSAN ILLSTON
United States District Judge

---

[2] This represents a "significantly reduced rate" from Mr. Angert's usual hourly rate. Angert Decl. ¶ 11.

2